SCANNED at LSP and Emailed
1 -11-2/ by  mg  . 29  pages
date         initials   No.

**RECEIVED**

JAN 1 1 2021

Legal Programs Department

**A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

Willie E. BERRY, Jr.
_____

_____

(Enter above the full name of
each plaintiff in this action.)

354431  .
Inmate (DOC) number

VERSUS

John ORR ;
Marcus JONES ;
Breanna TUCKER ;
Tracy FALGOUT .

(Enter above the full name of
each defendant in this action.)

**Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.**

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly

the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.     Previous Lawsuits

A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?     Yes ( ) No ( )

B.     If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.  Parties to this previous lawsuit
    Plaintiff(s): _See, Attached_ '_PREVIOUS LAWSUIT/S' DETAILS._'
    Defendant(s): _____
    _Same as aforementioned/stated._

2.  Court (if federal court, name the district; if state court, name the parish):
    _Same as B1._

3.  Docket number: _Same as B1._

4.  Name of judge to whom case was assigned: _Same as B1._

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Same as B1._

6.  Date of filing lawsuit: _Same as B1._

7.  Date of disposition: _Same as B1._

C.  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?      Yes ( )    No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_N/A._

II.   Place of present confinement: _Louisiana   State   Penitentiary (LSP);_
      _Angola, Louisiana._
A.  Is there a prisoner grievance procedure in this institution?  Yes (✓) No ( )

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes (✓) No ( )

C.  If your answer is YES:

1.  Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. _Disciplinary  Appeals  numbers: LSP-2020-00084;_
_ARP number: LSP-2020-0773._

2.  What steps did you take? _Thoroughly  Exhausted; see also, Attached_
_COMPLAINT, at paragraph 30._

3.  What was the result? _Thoroughly  Exhausted; see also, Attached_
_COMPLAINT, at paragraph 30. (Denied relief.)_

D.  If your answer is NO, explain why not: _N/A._

**III. Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) _Willie E. BERRY, Jr._
   Address _Louisiana State Penitentiary (LSP); Angola, LA. 70712._

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant _John ORR_ is employed as
_CAPTAIN_ at _LSP; Angola, LA. 70712._

C. Additional Defendants: _Marcus JONES; MAJOR; LSP; Angola, LA. 70712; Breanna TUCKER; SGT. EMT; LSP; Angola, LA. 70712; Tracy FALGOUT; ASST. WARDEN of MEDICAL; LSP; Angola, LA. 70712._

**IV. Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. <u>**Do not given any legal arguments or cite any cases or statutes.**</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

_See, Attached **COMPLAINT**._

**V.    Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or

statutes. Attach no exhibits. _____

*See, Attached* **COMPLAINT.**

_____

_____

**VI.    Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this _11th_ day of _January_, 20_21_.

_Willie Berry_

**Signature of plaintiff(s)**

4. I consent to receive orders, notices and judgments bey
Notice of Electronic Filing.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Willie E. BERRY, JR., #354431,
            PLAINTIFF

VERSUS                          Civil Action

John ORR, ET AL.,               No._____
            DEFENDANT/S

## PREVIOUS LAWSUIT/S' DETAILS

I. I currently have two (2) active and formal pending lawsuits, at this Honorable Court, under case numbers:

      1) 3:17-cv-00318-BAJ-EWD

      2) 3:20-cv-00599-SDD-RLB

II. I also submitted another lawsuit, at this Honorable Court, on 04 January 2021, in which by now

I assume (albeit, tentatively) to be pending under
the abbreviated parties caption of:

WILLIE E. BERRY, JR. versus CARL SMITH, ET AL.

In the likely event more details are essential, I
implore that [the Court] review [its] records for
further confirmation.

Executed at Angola, Louisiana, on 11th Janu-
ary, 2021.

s/ WillieBerry
Willie E. BERRY, Jr. #357131 (PRO SE)
LOUISIANA STATE PENITENTIARY (LSP)
ANGOLA, LA.    70712

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Willie E. BERRY, JR., #354431,
      PLAINTIFF

COMPLAINT

VERSUS

John ORR, ET AL.,
      DEFENDANT/S

Civil Action

No._____

## I. INTRODUCTION

1. This is a civil rights action filed by Plaintiff, WILLIE E. BERRY, JR., a state prisoner, seeking reliefs and monetary (judgments under Title 42 U.S.C. Section 1983, alleging "excessive/unnecessary use of force" and a continuing threat of a "denial of access to medical care" in which both instances are violations of the Eight Amendment to the United States Constitution.

Plaintiff further alleges a state law tort claim/s insofar as prohibiting corporal punishment under LSA-R.S. 15:829.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Honorable Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to Title 28 U.S.C. Sections 2201 and 2202. Plaintiff's claim/s for injunctive relief are authorized by Title 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

3. The United States District Court for the Middle District of Louisiana is an appropriate venue under Title 28 U.S.C. Section 1391 (b) (2), because said Court has national judicial jurisdiction where the events giving rise to the instant claim/s occurred.

4. This Honorable Court further has supplemental Juris-
diction over Plaintiff's state law tort claim/s under
Title 28 U.S.C. 1367.

## III. PARTIES

5. Plaintiff, **WILLIE E. BERRY, JR.,** is and was at all
times mentioned within the instant Complaint confined in
the Louisiana State Penitentiary (LSP) at Angola, Louisi-
ana.

6. Defendant, John **ORR,** is and was at all times men-
tioned within the instant Complaint a correctional officer
employed by the Louisiana State Department of Correc-
tions (La. DOC) who held the rank of **CAPTAIN** and who
had been assigned to the Main Prison's cell-block area
of the Louisiana State Penitentiary (LSP) at Angola,
Louisiana, as it relates and is relevant to the instant filing.

7. Defendant, Marcus **JONES,** is and was at all times men-

tioned within the instant Complaint a correctional officer employed by the Louisiana State Department of Corrections who held the rank of **MAJOR** and who had been assigned to the Main Prison's cell-block area of the Louisiana State Penitentiary at Angola, Louisiana, as it relates and is relevant to the instant filing.

8. Defendant, Breanna **TUCKER**, is and was at all times mentioned within the instant Complaint a correctional/medical staff-member employed by the Louisiana State Department of Corrections who held the position of a **SERGEANT EMT** and who had been assigned to the Medical Department (Med-3) of the Louisiana State Penitentiary at Angola, Louisiana, as it relates and is relevant to the instant filing.

9. Defendant, Tracy **FALGOUT**, is and was at all times mentioned within the instant Complaint an RN, **CCN/M**

employed by the Louisiana State Department of Correc-
tions who held the title of a **MEDICAL ASSISTANT WAR-
DEN** and who had been assigned to the Medical Depart-
ment of the Louisiana State Penitentiary, at Angola,
Louisiana as it relates and as relevant to the instant
filing.

**14.** Defendants **ORR** and **JONES** are being sued in both
capacities: "individual" (for monetary judgments) and
"official" (for declaratory/injunctive reliefs).
Defendants **TUCKER** and **FALGOUT** are being sued in
only their "official" capacities (for declaratory/injunc-
tive reliefs).

At all times mentioned within the instant Complaint all
Defendants acted under the color of State law.

## IV. FACTS

**11.** On 27 February 2020 (Thursday), during LSP employees' B-Team shift, Plaintiff had been assigned to and housed at LSP's Main Prison, cell-block B's lower Right tier Cell-4.

**12.** On said date/day, during said shift, and at said location, an LSP female EMT, named: Breanna Tucker (Defendant **TUCKER**), made multiple rounds, in between the approximate (apprx) times of 0600 hours———1200 hours, and had filed disciplinary reports against / written-up Plaintiff multiple times for allegedly committing infractions against her (Defendant **TUCKER**), over the course of the entire stated time-span: just as Defendant **TUCKER** had written-up Plaintiff, multiple times, between the months of May through October of 2019.

**13.** As related to the aforementioned, at apprx. 1200

hrs., Defendant **TUCKER** had written-up Plaintiff a final time (to Plaintiff's knowledge).

**14.** As further related, at apprx. 1238 hrs., LSP's **CAP-TAIN** John Orr (Defendant **ORR**) arrived at Plaintiff's housing location, and began dispensing a large amount of noxious chemical agent on Plaintiff's person.

**15.** Throughout that incident, [Defendant **ORR**] never activated [his] security body-camera: an act in which is totally contrary to LSP's security body-camera policy.

**16.** Based upon information and belief, since around the latter portion of the year 2016 there has been a pattern of LSP's supervising officers, whom have used excessive/unnecessary force against prisoners, subsequently being creative (w/a fabrication) when giving statements and filing written reports about

why their issued security body—cameras were **NOT** activated and/or had electronically recorded only part/s of certain use of force incidents.

**17.** Plaintiff had then been restrained and escorted to the shower-cell by LSP's Sgt. Coco.

**18.** Plaintiff then decontaminated himself : by taking a thorough shower.

**19.** Even though Defendant **ORR** "claimed" to have notified LSP's medical department (Medical—3), throughout the remaining course of that day, Plaintiff had never been seen by any LSP medical personnel : in which is totally contrary to LSP's use of force and medical policies.

**20.** Based upon information and belief, there is a common (and "unruly") practice, executed by many LSP supervising officers whom uses excessive /unne-

cessary force against prisoners, in NOT involving/
notifying medical personnel (unless "it appears" ne-
cessary); as an attempt to increase the chances
of a "successful" cover-up of LSP's supervising
officers' wrongful acts committed against prisoners.

21. As further related, on the March 2020 (Friday),
Defendant ORR had begun bragging to Plaintiff
that he (ORR) had been given the "green-light"
to f**k-over Plaintiff, in using excessive/unne-
cessary force with chemical agent, by LSP MAJOR
Marcus Jones (Defendant JONES), because he (JONES)
had become sick and tired of Plaintiff being written-
up by Defendant TUCKER.

22. Defendant ORR went on further to brag/claim
that they (Defendants ORR/JONES) are aware
that [Plaintiff] might exercise [his] rights (in

filing a lawsuit), but that Plaintiff wouldn't be able to prove none of their (ORR/JONES) wrong-doings, because of their (ORR/JONES') good job at a cover-up.

23. Plaintiff would eventually discover that both Defendants ORR/JONES had official reports fabricated and discarded, related to the entire incident.

24. Based upon information and belief, it is a common practice for prison employees to flaut prison safe-guard—policies: In the event such employees elect to violate the rights of prisoners.

25. After an indefinite number of days beyond the date of the incident (February 27th 2020), [Defendant TUCKER] revealed to [Plaintiff] that '[he] should have expected for [her] NOT to show up and medi-cally assess [him] even though [She] was aware that

[Plaintiff] has hypertension, and that [he] should have expected a dirty-hand dealt to [him], because of the alleged rule-infractions Plaintiff has frequently been committing against [her].

26. In mid-March/2020 Plaintiff had informally notified LSP's Asst. Warden of Medical [Defendant Tracy FALGOUT] informing [him], via written-letter, about Defendant TUCKER's alleged misconduct as related to the February 27th —— incident; and, Plaintiff further expressed the need for medical/security to have safe-guard procedures implemented: in the interest of having such misconduct, as allegedly exhibited by Defendant TUCKER, being deterred/prevented. Defendant FALGOUT never replied.

27. Also on 06 March 2020, Plaintiff went to a disciplinary hearing, related to the use of force —— in-

Cident (and resulting fabricated disciplinary report), whereas Defendant. **JONES** was the disciplinary–chair-man.

**28.** During said hearing, [Plaintiff] stated defenses, raised motions (to review all electronic recordings) and conveyed to Defendant **JONES** that [he] found out that Defendant **JONES** had been complicit in the use of (excessive) force against [him].

**29.** Defendant **JONES** then responded with a dismissive demeanor, and eventually dismissed all of Plaintiff's legal defenses and found Plaintiff guilty: based on Defendant **ORR**'s fabricated disciplinary report.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**30.** [Plaintiff] asserts that [he] has exhausted all available administrative remedies (in terms of an ARP

and a disciplinary appeal) as it wholly relates to the instant suit.

## VI. CLAIMS FOR RELIEF

31. Plaintiff realleges and incorporate by reference paragraphs 1-30.

32. The totality of the actions by both Defendants ORR (directly) and JONES (indirectly), in "unnecessarily" using force against Plaintiff, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.

33. The totality of the actions by both Defendants ORR (directly) and JONES (indirectly), in "unnecessarily" using force against Plaintiff, further constituted the tort of corporal punishment in which is prohibited under the state law of LSA—R.S. 15:829.

**34.** The totality of the actions by both Defendants **TUCKER** (directly) and **FALGOUT** (indirectly), in the denying of medical access and/or continuity of the threat to prospectively deny medical access in which adversely affects Plaintiff, constitutes a violation of the Eight Amendment to the United States Constitution.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests for this Honorable Court to enter judgment granting the following:

**35.** A declaration that the acts and omissions, exhibited by both Defendants **ORR** and **JONES**, described herein, violated Plaintiff's rights under the Constitution and laws of the United States;

**36.** A declaration that the acts exhibited by both Defendants **ORR** and **JONES**, described herein, violated Plain-

toff under the state law of LSA—R.S. 15:829;

**37.** A declaration that the acts and omissions exhibited by both Defendants **TUCKER** and **FALGOUT**, described herein, breached and/or continues to pose a threat to Plaintiff's rights in violation of the Constitution and laws of the United States;

**38.** Issue a permanent injunction ordering the authoritative employers (La. DOC/LSP), of both Defendants **ORR** and **JONES**, to require that LSP's use of force policy and security body-camera policy both be revised: in the interest of more clarity and safeguards to maximize the preventive measures intended to combat unlawful use of force;

**39.** Issue a permanent injunction ordering the authoritative employers (La. DOC/LSP), of both Defendants **ORR** and **JONES**, to require that LSP's Disciplinary Board panels

automatically order for LSP's Investigation Services to re-view any/all "available" electronic-recorded-footage and render formal written findings based upon such re-view and that such electronic recordings be preserved for a reasonable least amount of time as it relates to **ALL** use of force incidents ;

**40.** Issue a permanent injunction ordering the authori-tative employers (La. DOC/LSP), of both Defendants **TUCK-ER** and **FALGOUT**, to implement significant prison policy that'll safeguard against a denial of medical access ( from a retaliatory aspect, or otherwise) ;

**41.** Award compensatory and nominal damages, for Plain-tiff's physical and emotional injuries, equally and total-ly against both Defendants **ORR** and **JONES** ;

**42.** Award punitive damages, for Plaintiff's physical and/or emotional injuries, in the least amount of thir-

teen thousand-dollars ($13,000.00), equally and to-
tally against both Defendants **ORR** and **JONES**;

**43.** Plaintiff's costs of the entire instant suit equal-
ly and totally against each of the instant named De-
fendants;

**44.** A jury trial on all issues triable by jury;

**45.** Any additional judgments, as it relates to the In-
stant suit, this Honorable Court may deem just and pro-
per.

Submitted this <u>11th</u> day of <u>January</u>, 2021.


s/ WillieBerry
Willie E. BERRY, Jr. #354431 (PRO SE)
LOUISIANA STATE PENITENTIARY (LSP)
ANGOLA, LA. 70712

## VIII. VERIFICATION

46. I, the undersigned Plaintiff, have read the entire foregoing / instant Complaint and hereby verify that the matters alleged therein are true, except as to any matter alleged on information and belief, and, as to such, I believe to be true. I further certify under the possible penalty of perjury that the entire foregoing is true and correct.

Executed at Angola, Louisiana, on __11th Janu-ary__, 2021.

§ _Willie Berry_ .