# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                **CIVIL ACTION**

**VERSUS**

**JOHN ORR, ET AL.**                              **21-27-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 19, 2021.

                                                               _____
                                                               **RICHARD L. BOURGEOIS, JR.**
                                                               **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                    **CIVIL ACTION**

**VERSUS**

                                                        **21-27-JWD-RLB**

**JOHN ORR, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendants John Orr, Marcus Jones, Tracy Falgout, and Breanna Tucker[1] (R. Doc. 7). The Motion is not opposed.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding against the aforementioned defendants complaining that his constitutional rights were violated due to the use of excessive force, false disciplinary proceedings, and deliberate indifference to his serious medical needs. He seeks monetary, declaratory, and injunctive relief.

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678,

---

[1] The defendants' Memorandum in Support states, "For the reasons stated below, Defendant, Warden Turner appears in this Motion to Dismiss moving this Honorable Court for the dismissal of Plaintiff's claim against him." *See* R. Doc. 7-1, p. 2. "Warden Turner" is not a defendant in this matter and the Court assumes this statement was included in error.

*quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following: On February 27, 2020, the plaintiff was written up by defendant EMT Tucker for an alleged rule infraction committed against her. Prior to this date, defendant Tucker had written the plaintiff up several times between May through October of 2019. After being written up by defendant Tucker on February 27, 2020, defendant Orr arrived at the plaintiff's cell and began spraying him with a chemical agent. Defendant Orr later bragged to the plaintiff that he had been given the "green light" to "f@ck over" the plaintiff because defendant Jones was frustrated with the plaintiff for being continually

written up by defendant Tucker. Defendants Orr and Jones filed false reports, and defendant Orr told the plaintiff he would not be able to prove any claims against them because of their good coverup job.

After being sprayed with the chemical agent by defendant Orr, the plaintiff was allowed to shower but he was not medically evaluated as required by prison policy. Days later defendant Tucker told the plaintiff he should have expected to have a "dirty hand" dealt to him, and should have anticipated that she would not medically assess him after being sprayed due to the plaintiff's alleged past rule infractions committed against her.

On March 6, 2020 the plaintiff appeared for a disciplinary hearing conducted by defendant Jones regarding the fabricated disciplinary report issued by Orr. Defendant Jones found the plaintiff guilty after dismissing the plaintiff's motions and defenses. In mid-March of 2020 the plaintiff submitted an informal complaint to defendant Falgout regarding defendant Tucker's misconduct. Defendant Falgout did not respond.

Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been

clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that defendants' Motion should be granted in part. Specifically, the Court concludes that Plaintiff has failed to state a claim with regards to the issuance of a false disciplinary report, the handling of his disciplinary proceedings, and failure to respond to his informal complaint. As to all other claims, the plaintiff's Complaint states claims for relief for excessive force, deliberate indifference, and conspiracy as discussed below.

### Excessive Force

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination

whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, accepting as true all of the factual allegations contained in the Complaint, Plaintiff's allegations are sufficient to state claim upon which relief can be granted against defendant Orr for excessive use of force. Plaintiff alleges that, after an incident between the plaintiff and defendant Tucker had concluded, defendant Orr approached the plaintiff's cell and sprayed him with a chemical agent. Based upon the allegations of the Complaint, specifically that the plaintiff was merely standing in his cell when force was used against him by defendant Orr, it appears the force was applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. This allegation combined with the plaintiff's allegations regarding defendants Orr's and Tucker's later statements further indicate that force was used maliciously and sadistically. As such, the plaintiff has stated a claim for the use of excessive force against defendant Orr, and Defendants' Motion should be denied in this regard.

### Deliberate Indifference

To the extent Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and

disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that defendant Tucker purposefully ignored defendant Orr's request for a medical evaluation of the plaintiff after being sprayed with the chemical agent. As such, the plaintiff has stated a claim against defendant Tucker for deliberate indifference to his serious medical needs.

**Conspiracy**

"To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory

allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

But § 1983 conspiracy "claim need not [meet] a 'probability requirement at the pleading stage; [plausibility] simply calls for enough fact [s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.' " *Jabary*, 547 F. App'x at 610 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). Plaintiffs' "facts, when 'placed in a context ... [must raise] a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

In the instant matter the plaintiff alleges that defendant Jones and Orr aided and abetted one another in an agreement to "f@ck over" the plaintiff. The plaintiff further alleges he was sprayed with a chemical agent without reason by Orr who then issued a false disciplinary report. The disciplinary hearing was then conducted by defendant Jones. As such, the plaintiff's allegations are not conclusory and state a claim for conspiracy against defendants Jones and Orr.[2]

### Informal Complaint and Disciplinary Proceedings

As to the plaintiff's remaining claims, the plaintiff fails to state a claim against defendants Falgout, Jones, and Orr regarding the failure to respond to his informal complaint, the issuance of a false disciplinary report, and errors in his disciplinary proceeding. To the extent the

---

[2] What type of damages, if any, the plaintiff would be entitled to if he proved his claims for excessive force, deliberate indifference, and conspiracy is not yet determined. The plaintiff alleges, without specificity, to have suffered physical and emotional injuries. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. The plaintiff should be given leave to amend his complaint to assert additional factual allegations regarding his alleged physical injuries.

plaintiff complains of the false disciplinary report as an separate claim, the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations"). Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).

Additionally, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge

"did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation"). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff does not allege that he was sentenced to any punishment which would amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the

protection of the Due Process Clause of the Fourteenth Amendment. As such, the plaintiff's allegations regarding his informal complaint to defendant Falgout and disciplinary proceedings conducted by defendant Jones fail to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 7) be granted, in part, dismissing: (1) the plaintiff's claims against defendant Falgout, in their entirety, with prejudice; and (2) the plaintiff's claims regarding the issuance of a false disciplinary report and errors in his disciplinary proceeding against defendants Jones and Orr, with prejudice. It is further recommended that, in all other regards, the defendants' Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein regarding the plaintiff's claims for conspiracy, excessive force, and deliberate indifference. It is further recommended that the plaintiff be given 21 days to amend his Complaint to allege facts as to physical injuries sustained, if any, due to the alleged use of excessive force and deliberate indifference to his serious medical needs.

Signed in Baton Rouge, Louisiana, on August 19, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**