UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                                **CIVIL ACTION**

**VERSUS**

**JOHN ORR, ET AL.**                                                    **21-27-JWD-RLB**

**ORDER**

Before the Court is plaintiff's Motion to Compel (R. Doc. 31). Also before the Court is plaintiff's Motion to Correct Error (R. Doc. 39). The Motion to Compel is opposed. *See* R. Doc. 36. The plaintiff seeks for the requests for admissions propounded to defendant Tucker to be deemed admitted, and to compel the defendants to produce the following: (1) appropriate responses to interrogatories addressed to defendant Tucker; (2) an exact number of Rule 21 infractions for which the plaintiff has been accused of from January 2016 through January 2021; (3) Main Prison/CBD shower roster for February 27, 2020; (4) Time-Clock cards from all four tiers; (5) a photo of the kind of gas canister the plaintiff has been sprayed with and any instructions regarding the maximum amount to be dispensed; (6) LSP employee manual pertaining to documentation of uses of force; (7) Copies of LSP's ATU and EMT employee assignment/roster for February 27, 2020; (8) a picture of LSP Main Prison/CBD lower right tier as viewed from the desk and vice versa; and (9) appropriate responses to Admissions/Interrogatories by defendants Orr and Jones.

On or about October 1, 2021, the plaintiff propounded discovery requests to each of the defendants. *See* R. Docs. 16-20. At various times in November of 2021, the defendants responded to the plaintiff's discovery requests. *See* R. Docs. 23, and 25-29. The plaintiff filed the instant Motion to Compel on December 15, 2021. Supplemental responses were then filed by the

defendants. *See* R. Docs. 32-35, and 39. On January 5, 2022, the plaintiff filed a Supplement to Motion to Compel wherein he acknowledged that three requests referenced in the instant Motion have been satisfied. A Motion to Correct Error was subsequently filed by the plaintiff to correct a mistake in identifying one of the three requests that has been satisfied. *See* R. Doc. 39.

The plaintiff's Motion to Correct Error will be granted. The plaintiff's Motion to Compel will be granted, in part, as set forth below.

### Admissions propounded to defendant Tucker

With regards to the admissions propounded to defendant Tucker the plaintiff's Motion, seeking to have the admissions deemed admitted, is moot. Defendant Tucker's Motion to Withdraw Deemed Admissions (R. Doc. 23) has been granted by separate order.

### Appropriate responses to interrogatories addressed to defendant Tucker

On November 16, 2021, defendant Tucker responded to the interrogatories propounded to her by the plaintiff. *See* R. Doc. 25. The plaintiff's instant Motion lacks any detail or specificity as to how defendant Tucker's responses are not appropriate. Moreover, a review of defendant Tucker's Answers to Interrogatories reveals that the objections and responses were made in good faith, and the Court does not note any obvious reason for defendant Tucker to amend her responses.

### Number of Rule 21 Infractions from January 2016 through January 2021

With regards to this request defendant Jones objected on the grounds that the request was unduly burdensome, seeks irrelevant information, and was more appropriately suited for an interrogatory rather than a request for production. Without waiving the objections, defendant Jones stated that the plaintiff has had more than 100 disciplinary reports filed against him for sexual offenses against female individuals. *See* R. Doc. 26. Defendant Jones later produced a

copy of the plaintiff's Conduct Report from which the plaintiff could ascertain the exact number of Rule 21 infractions for the dates requested. *See* R. Doc. 33-2. As such, defendant Jones has adequately responded to this discovery request, and the plaintiff acknowledges the same. *See* R. Doc. 37.

### Main Prison/CBD shower roster for February 27, 2020

This document was produced by defendant Orr on December 16, 2021, and plaintiff acknowledges receipt of the same and that the document produced satisfies his request. *See* R. Doc. 34-1 and 37.

### Time-Clock cards from all four tiers

Defendant Orr produced a copy of the Main Prison Cellblocks B-Team Post Roster which contains relevant information that should satisfy the plaintiff's request. *See* R. Doc. 27-1.

### Photo of gas canister and copy of instructions

In discovery propounded to defendant Orr, the plaintiff request, "Photocopy of "small fire-extinguisher--------looking" gas-canister, with instructions: detailing the maximum amount (in grams) advised/permitted to be used on an individual." Defendant Orr responded, "Defendant does not know what "_____ looking" means. Further objecting, this interrogatory attempts to expand the policies instituted by LSP. This Request for Production seeks to expand the use of force policy that is in place. Further responding, Defendant contends the use of force can be found in the attached Exhibit 2 and 3." *See* R. Doc. 27.

Defendant Orr's objections to this request seem deliberately obtuse. The plaintiff is clearly requesting a photo of a canister of the same type of chemical agent administered on the date in question and a copy of the instructions for said chemical agent. As such, defendant Orr will be ordered to provide the requested photo and a copy of the requested instructions.

### LSP employee manual pertaining to documentation of uses of force

In this request propounded to defendant Orr, the plaintiff requested a copy of LSP's employee manual pertaining to what documentation is required within a LSP unit's logbook. Defendant objected to request on the grounds that the employee manual would contain information that is not relevant and goes beyond the plaintiff's Request for Production. While that may be true, defendant Orr can provide the plaintiff with any excerpts from the LSP Employee Manual pertaining to documentation required in unit logbooks, if such information is found in the LSP Employee Manual. As such, defendant Orr will be ordered to produce any excerpts in the LSP Employee Manual pertaining to the documentation required in unit logbooks or state that such information is not included within the employee manual after a review of the same.

### Copies of LSP's ATU and EMT employee assignment/roster for February 27, 2020

In response to this request defendant Tucker produced a redacted document titled, "Shift Report." *See* R. Doc. 35-1. Plaintiff acknowledged receipt of the same and that the document produced satisfies his request. *See* R. Doc. 39-1.

### A picture of LSP Main Prison/CBD lower right tier as viewed from the desk and vice versa

In response to this request, defendant Tucker stated that she does not possess any responsive documents to this request. It appears that plaintiff may be asking for specific photographs to be taken and then provided to plaintiff. Defendant Tucker is not obligated to create such photographs in response to the plaintiff's production request. *See Goolsby v. Carrasco,* 2011 WL 2636099 at *8–9 (E.D. Cal. July 5, 2011) (denying plaintiff's motion to compel production of documents where plaintiff's request required defendant to "create

documents, as opposed to produce already existing documents"); *Harris v. Advance Am. Cash Advance Ctrs.*, 288 F.R.D. 170, 172 (S.D. Ohio 2012) ("Defendant is not required to create documents in response to plaintiff's requests for discovery."). Additionally, the Court is cognizant that an inmate's possession of photographs of the layout and view of certain areas of the prison may jeopardize the safety and security of the facility.

### Appropriate responses to Admissions/Interrogatories by defendants Orr and Jones

No admissions or interrogatories propounded to defendant Orr or defendant Jones could be located in the record. To the extent the plaintiff is referring to the defendants' responses to requests for production, said responses have already been addressed herein.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Correct an Error (R. Doc. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Compel (R. Doc. 31) is **GRANTED IN PART**, as follows: (1) within 14 days from the date of this Order defendant Orr shall produce (a) a photo of a cannister of the type of chemical agent administered on the date in question, (b) a copy of any instructions pertaining to said chemical agent, and (c) any excerpts in the LSP Employee Manual pertaining to the documentation required in unit logbooks.

**IT IS FURTHER ORDERED** that, in all other regards, the plaintiff's Motion (R. Doc. 31) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 10, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**