# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**             **CIVIL ACTION**

**VERSUS**

            **21-27-JWD-RLB**

**JOHN ORR, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2022.

            **RICHARD L. BOURGEOIS, JR.**
            **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　　　21-27-JWD-RLB**

**JOHN ORR, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants John Orr, Marcus Jones, and Breanna Tucker (R. Doc. 38), which primarily addresses the types of relief, if any, to which the plaintiff may be entitled if successful on the merits. The plaintiff has filed an Opposition which includes a sworn statement. *See* R. Doc. 49. In addition, the plaintiff's Amended Complaint (R. Doc. 49, p. 27-38) is verified.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding against defendants John Orr, Marcus Jones, Breanna Tucker, and Tracy Falgout[1] complaining that his constitutional rights were violated due to the use of excessive force, false disciplinary proceedings, and deliberate indifference to his serious medical needs. He seeks monetary, declaratory, and injunctive relief.

Defendants move for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts, and certified copy of the plaintiff's medical and mental health records for August 2019 to August 2020. The plaintiff opposes the motion relying on the pleadings and a Statement of Disputed Material Facts.

---

[1] The plaintiff's claims against defendant Falgout have been dismissed in their entirety. The plaintiff's claims against defendants Orr and Jones regarding the issuance of a false disciplinary report and errors in the disciplinary proceedings have also been dismissed. The plaintiff's remaining claims are for conspiracy, excessive force, and deliberate indifference to serious medical needs. *See* R. Docs. 12 and 14.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or

resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Verified Complaint as amended, the plaintiff alleges the following with regards to his remaining claims: On February 27, 2020, the plaintiff was written up by defendant EMT Tucker for an alleged rule infraction committed against her. Prior to this date, defendant Tucker had written the plaintiff up several times between May through October of 2019. After being written up by defendant Tucker on February 27, 2020, defendant Orr arrived at the plaintiff's cell and began spraying him with a chemical agent. Defendant Orr later bragged to the plaintiff that he had been given the "green light" to "f@ck over" the plaintiff because defendant Jones was frustrated with the plaintiff for being continually written up by defendant Tucker. Defendants Orr and Jones filed false reports, and defendant Orr told the plaintiff he would not be able to prove any claims against them because of their good coverup job.

After being sprayed with the chemical agent by defendant Orr, the plaintiff was allowed to shower but he was not medically evaluated as required by prison policy. The plaintiff made requests to be seen by medical due to chest pain, hyperventilating, and lingering burning effects from the chemical agent. Days later defendant Tucker told the plaintiff he should have expected to have a "dirty hand" dealt to him and should have anticipated that she would not medically assess him after being sprayed due to the plaintiff's alleged past rule infractions committed against her. The plaintiff has sued defendants Orr and Jones in both their individual and official capacities and has sued defendant Tucker in her official capacity only.

## Relief

### *Claims Asserted Against Defendants in Their Official Capacities*

First, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal.

With regards to the plaintiff's requests for declaratory and injunctive relief, the defendants assert that the plaintiff is not entitled to such relief because prospective injunctive relief is requested for past, rather than ongoing, alleged violations. As explained by the Court in *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729 (5th Cir. 2020):

> Under *Ex parte Young*, 209 U.S. 123, 167–68, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law. *Id.* at 167–68, 28 S.Ct. 441; *Air Evac EMS v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017). The exception rests on a legal fiction, the premise that a state official is "not the State for sovereign-immunity purposes" when "a federal court commands [him or her] to do nothing more than refrain from violating federal law." *VOPA*, 563 U.S. at 255, 131 S.Ct. 1632. Though an *Ex parte Young* suit has an "obvious impact on the State itself," it is an essential mechanism for affirming the supremacy of federal law.[4] *Pennhurst*, 465 U.S. at 104–05, 104 S.Ct. 900; *see also VOPA*, 563 U.S. at 254–55, 131 S.Ct. 1632 (observing that the *Ex parte Young* exception "has existed alongside our sovereign-immunity jurisprudence for more than a century, accepted as necessary to permit the federal courts to vindicate federal rights." (internal quotation marks omitted)).
>
> There are three basic elements of an *Ex parte Young* lawsuit. The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not

state, law. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). An *Ex parte Young* suit must also seek equitable relief—relief that is "declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 269 F.3d 494, 500–01 (5th Cir. 2001) (holding that *Ex parte Young* applied to a suit for declaratory relief because the "requested relief is indistinguishable from a suit to enjoin the [state official] from declining to [enforce the law]"). "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Therefore, in order to determine whether a suit complies with the requirements of *Ex parte Young*, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (O'Connor, J., concurring in part and concurring in judgment)).

In the instant matter, the plaintiff has not alleged an ongoing violation of federal law. The injunctive and declaratory relief sought focuses on past alleged acts of excessive force and deliberate indifference to serious medical needs. The plaintiff has not alleged that the defendants are currently engaged in the use of excessive force or deliberate indifference to serious medical needs, or that such actions are imminent. As such, the plaintiff's claims for injunctive and declaratory relief, asserted against defendants Orr, Jones, and Tucker in their official capacities, do not fall within the *Ex parte Young* exception and are barred by sovereign immunity. *See Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (finding claims barred by sovereign immunity absent allegations that defendants were currently engaged in the complained of behavior or that such actions were imminent.) Accordingly, the plaintiff's claims for declaratory and injunctive relief, asserted against defendants Orr and Jones, should be dismissed. The plaintiff's claims as to defendant Tucker should be dismissed in their entirety as the plaintiff has only sued defendant Tucker for declaratory and injunctive relief.

*Claims Asserted Against Defendants in Their Individual Capacities*

With regards to the plaintiff's claims against the defendants Orr and Jones in their individual capacities for monetary damages, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. The plaintiff alleges to have suffered a lingering burning sensation from the chemical agent, chest pains, and hyperventilation for a temporary period of time during the day. The plaintiff alleges that he slept through the night and upon waking realized he had "escaped an extreme result" such as stroke, heart attack, or death. The plaintiff did not request medical attention after waking, or at any point thereafter. No medical treatment was required to resolve the plaintiff's symptoms. Such an injury does not equate to a physical injury withing the meaning of 42 U.S.C. § 1997e(e)[2]. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

---

[2] *See Miller v. Thibideux,* 2008 WL 4999226 (W.D. La. Sept. 30, 2008) noting, "According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) and the Fifth Circuit Court of Appeals, there can be no recovery under the Eighth Amendment for injuries considered *de minimis. Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997). *De minimus* injuries include those that would not cause a person free from incarceration to seek medical care. *Luong v. Hatt,* 979 F.Supp. 481, 486 (N.D.Tex.1997). A physical injury sufficing to support an Eighth Amendment claim is "an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." *Id.*"

## Defendant Tucker's Alternative Argument

### *Qualified Immunity*

Defendants assert, in the alternative, that defendant Tucker is entitled to qualified immunity in connection with the plaintiff's claims.[3] The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. There is no issue of material fact regarding the plaintiff's claim for deliberate indifference to serious medical needs asserted against defendant Tucker.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an

---

[3] The defendants assert in the alternative that defendant Tucker is entitled to qualified immunity. The plaintiff has not named defendant Tucker in her individual capacity, and the Court has determined above that the plaintiff is not entitled to declaratory or injunctive relief against defendant Tucker in her official capacity. However, the Court will consider the defendants' alternative argument in anticipation of a request by the plaintiff to amend his Complaint to assert that he is also suing defendant Tucker in her individual capacity.

excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that defendant Orr "claimed" to have notified the medical department after the plaintiff was sprayed with the chemical agent. He further alleges that it is common practice to not notify medical to cover up the use of excessive force. Nevertheless, the plaintiff alleges that defendant Tucker stated, at some point after the incident, that she was aware of his pre-existing medical conditions and the plaintiff should have expected that defendant Tucker would not medically assess him because of the plaintiff's frequent rule infractions committed against her.

Though the plaintiff states that he has pre-existing medical conditions of which defendant Tucker was aware, nothing in the record shows that defendant Tucker was aware of a substantial risk of serious harm to the plaintiff due to his pre-existing conditions, and that defendant Tucker refused to treat him. Nothing in the record indicates that the plaintiff faced "excessive risks",

such as heart attack, stroke, or death, if sprayed with a chemical agent due to his pre-existing conditions. The record is devoid of a serious medical need suffered by the plaintiff after being sprayed with a chemical agent for which defendant Tucker could have been deliberately indifferent. As such, the record is devoid of any action or inaction on the part of defendant Tucker that shows deliberate indifference, on her part, to the plaintiff's serious medical needs.

To the extent the plaintiff complains of the verbal abuse and/or threats made by defendant Tucker, neither threats nor verbal abuse by a security officer is actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").

## **RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 38), be granted dismissing (1) the plaintiff's claims asserted against Defendant Tucker, in their entirety, with prejudice, (2) the plaintiff's claims for compensatory damages asserted against Defendants Orr and Jones, and (3) the plaintiff's claims for declaratory and injunctive relief asserted against Defendants Orr and Jones. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein regarding the plaintiff's claims for nominal or punitive damages asserted against Defendants Orr and Jones, in their individual capacities, for conspiracy and the use of excessive force.

Signed in Baton Rouge, Louisiana, on August 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**