## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                              **CIVIL ACTION**

**VERSUS**
                                                                **21-27-JWD-RLB**
**JOHN ORR, ET AL.**
                              **ORDER**

Before the Court is the plaintiff's Motion for Immediate/Necessary Relief (R. Doc. 94) wherein the plaintiff is seeking return of his legal materials. The plaintiff asserts that on January 4, 2024, he was removed from his cell by security without being allowed to gather his personal property. The plaintiff has since requested to retrieve his personal property, which includes legal materials the plaintiff is currently using to prepare for the trial of this matter in March of 2024, to no avail.

The plaintiff is seeking injunctive relief in the form of an order for the return of his legal materials. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only

if the movant has clearly carried the burden of persuasion with respect to all four factors");

*Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985)

("[t]he decision to grant a request for preliminary injunction is to be treated as the exception

rather than the rule"). The decision whether to grant or deny a request for a preliminary

injunction is within the sound discretion of the Court.  *See Allied Mlttg. Grp., Inc*., 878 F.2d at

809.

      At all times, the burden of persuasion remains with the plaintiff as to each of the four

elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the

merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the

threatened injury outweighs any harm that will result to the non-movant if the injunction is granted;

and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt.*

*Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of

the necessary elements, the Court need not address the other elements necessary for granting a

preliminary injunction.  *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining

to address the remaining elements necessary to obtain a preliminary injunction after finding that

the plaintiff failed to show a substantial likelihood of success on the merits).

      As the United States Supreme Court stated 80 years ago: The right of jury trial in civil

cases at common law is a basic and fundamental feature of our system of federal jurisprudence

which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen,

whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the

courts. *Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942). The Seventh Amendment

guarantees a fundamental right to a jury trial in civil cases. U.S. Const. amend. VII. Without his

legal materials, the plaintiff will be prejudiced, and an Order from this Court is necessary to protect

the plaintiff's Seventh Amendment right to a civil jury trial.

The plaintiff seeks only to maintain the status quo – access to his legal materials so he can

prepare for the trial of this matter. Plaintiff's lack of legal materials threatens not only his Seventh

Amendment right to a civil jury trial, but also threatens to disturb this Court's trial docket. No

harm will come to the defendants in this matter, and an injunction would not disservice the public

interest. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 94) is **GRANTED**.

**IT IS ORDERED** that the plaintiff's request for a Temporary Restraining Order is

granted on this 2nd day of February at 10:00 a.m., without notice due to the urgency of this matter.

**IT IS FURTHER ORDERED** that the plaintiff's legal materials shall be returned to him

within five (5) days of the date of this Order.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve

Secretary James Leblanc, Warden Tim Hooper, and the Louisiana Attorney General.

**IT IS FURTHER ORDERED** that a hearing to determine whether to convert this

temporary restraining order into a preliminary injunction will be set on a future date if necessary.

Signed in Baton Rouge, Louisiana, on February 2, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**